UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bryce Joseph Petrovich,

    Plaintiff,

v.

City of Duluth, MN, and
St. Louis County, MN,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 20-2272 (MJD/LIB)

---

    Plaintiff, *pro se*.

    Sara Jane Baldwin, Assistant Duluth City Attorney, Counsel for Defendant City of Duluth.

---

**I.  Background**

Plaintiff, a citizen of Wisconsin, alleges that he was hit by a car while riding his bike on Superior Street in the City of Duluth ("City"). (Comp. at 4.) He claims he could not ride on the sidewalk because they were uneven, and that cars were parked too close to the intersection. (Id.) There are no other factual allegations included in the Complaint.

1

Plaintiff seeks an order requiring the City to fix all sidewalks, to install more bike lanes, and prevent cars from parking near the intersections. He also asks for at least $300,000 for injuries to his foot. (Id.)

Currently before the Court is the City's motion to dismiss.

## II. Lack of Subject Matter Jurisdiction

Plaintiff asserts this Court has jurisdiction over his claims because the parties are diverse and because he seeks over $75,000 in damages. In a diversity action, allegations as to the amount in controversy are subject to Iqbal/Twombly standards. See Penrod v. K&N Eng'g, Inc., No. 18-cv-2907, 2019 WL 1958652, at *3 (D. Minn. May 2, 2019) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "[A] plaintiff must plead factual content that allows the court to draw the reasonable inference that there is subjection matter jurisdiction." Id. (citations omitted).

Plaintiff seeks $300,000 for an injury to his foot but provides no factual allegations as to what injury he suffered, or how the claim for damages was calculated. Without factual allegations to show the claimed amount in controversy exceeds the statutory threshold of $75,000, the City argues the Court should dismiss for lack of subject matter jurisdiction.

While pro se complaints are to be liberally construed, the complaint must nonetheless plead sufficient facts to state a claim that is plausible on its face. Mittal v. Absar, 416 F. Supp.3d 149, 150 (E.D.N.Y. 2017) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Where a plaintiff fails to include sufficient allegations in the complaint about the amount in controversy, the Court should question whether it has subject matter jurisdiction over the matter. Howarth v. Howarth, 8:20-cv-199-T-36CPT, 2020 WL 735999, at *2 (M.D. Fla. Feb. 13, 2020) (where plaintiff claimed damages of $2 million, but did not state basis for such amount, court found it could not determine the amount in controversy exceeds $75,000). Here, Plaintiff has not provided a sufficient factual basis for his claim of damages in the amount of $300,000, therefore Plaintiff has not demonstrated that this Court has diversity jurisdiction over his state law claims.

### III.   Failure to State a Claim

Even if the Court had subject matter jurisdiction over this matter, the Court nonetheless finds that dismissal is appropriate as the Complaint fails to meet the pleadings standards under Fed. R. Civ. P. 8(a)(2), which provides that a pleading that state a claim for relief must contain "a short and plain statement of

3

the claim showing that the pleader is entitled to relief." To satisfy this standard, a plaintiff must provide allegations which provide the defendant with fair notice of the nature of his claims and the grounds upon which those claims rest. C.N. v. Willmar Pub. Schools, ISD 347, 591 F.3d 624, 634 (8th Cir. 2010) (citing Twombly, 550 U.S. at 555 n.3). Here, there are no allegations as to where the collision took place on Superior Street, the time the accident occurred, who was involved in the accident, and what injuries were incurred. Without this information, Plaintiff has failed to provide fair notice of his claims and the grounds upon which his claims rest.

**IT IS HEREBY ORDERED** that Defendant City of Duluth's Motion to Dismiss [Doc. No. 22] is **GRANTED**. This matter is hereby dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 14, 2021

                                                       s/Michael J. Davis
                                                       Michael J. Davis
                                                       United States District Court